NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 29 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KARLENE K. PETITT,<br><br>        Plaintiff-Appellant,<br><br>  v.<br><br>DAVID B. ALTMAN,<br><br>        Defendant-Appellee. | No. 23-35339<br><br>D.C. No. 2:21-cv-01366-RSL<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted March 26, 2024**

Before:     TASHIMA, SILVERMAN, and KOH, Circuit Judges.

Karlene K. Petitt appeals pro se from the district court's judgment dismissing as untimely her diversity action alleging a fraud claim under Washington law. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim, *Puri v. Khalsa*, 844 F.3d 1152, 1157

---

    \* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2017), and we affirm.

The district court properly dismissed Petitt's action because Petitt was on notice of her claim more than three years before she filed this action. *See Young v. Savidge*, 230 P.3d 222, 230 (Wash. Ct. App. 2010) (explaining that Washington's three-year statute of limitations for fraud claims "accrues when the aggrieved party discovers, or in the exercise of due diligence should have discovered, the fact of fraud, and sustains some actual damage as a result").

The district court did not abuse its discretion in taking judicial notice of allegations Petitt made in her previous lawsuit filed against defendant in 2017. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998-99 (9th Cir. 2018) (setting forth standard of review and explaining that a court may take judicial notice of matters of public record).

The district court did not abuse its discretion in denying Petitt's post-judgment motion because Petitt failed to establish any basis for relief. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b)).

We reject as unsupported by the record Petitt's contention that the district judge was biased against her.

**AFFIRMED.**

23-35339